UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SARAH KATHERINE SUSSMAN,

    Appellant,

v.                                                                    Case No: 8:19-cv-843-T-36

ESTATE OF JOHN J. GAFFNEY,

    Appellee.
_____/

# **ORDER**

        This matter comes before the Court upon Appellant's response to this Court's Order to Show Cause and Amended Emergency Motion for Expedited Relief ("Response to OTSC") (Doc. 9), Appellee's Motion to Dismiss Appeal (Doc. 16), and Appellant's Opposition to Appellee's Motion to Dismiss ("Response to Motion") (Doc. 18). In this case, Appellant seeks to appeal two orders of the Bankruptcy Court: (1) the Order Denying Debtor's Amended Motion for Partial Summary Judgment and to Enforce Automatic Stay, and Directing Debtor to File a Written Brief as to Why Summary Judgment Should not be Granted to Opposing Party ("First Order"), and (2) the Order Denying Summary Judgment independent of the Motion, and Denying Ore Tenus Motion for Summary Judgment ("Second Order"). Doc. 1-1 at 1.

        The Court issued an Order to Show Cause because it was not apparent that the orders on appeal are final, that discretionary jurisdiction over interlocutory orders was appropriate in this case, that an appeal of the First Order was timely, or that Appellant had standing to appeal the Second Order. Doc. 6. In the Motion to Dismiss Appeal, Appellee argues that the appeal should be dismissed for the reasons identified in the Court's Order to Show Cause. Doc. 16. In her Response to OTSC and Response to Motion, Appellant contends that she has standing to appeal

as an aggrieved person who will suffer incipient and irreparable harm from the Bankruptcy Orders, and that this appeal is of a final order. Doc. 9; Doc. 18. The Court, having considered the Response to OTSC, Motion to Dismiss, and Response to Motion, and being fully advised in the premises, will dismiss this appeal.

I. **BACKGROUND**

On April 8, 2019, Appellant filed a Notice of Appeal seeking to appeal the First Order and Second Order. Doc. 1-1 at 1. Because it was not apparent that the orders appealed from were final, timely, or capable of being appealed by Appellant, this Court directed Appellant to file a written response stating what jurisdictional basis exists for this Court to entertain the appeal. Doc. 6.

After the notice of appeal was filed, Appellant filed a motion in Bankruptcy Court requesting a stay of proceedings in that court pending resolution of the appeal. Doc. 4. The Bankruptcy Court denied the motion and in doing so provided the following explanation of this case:

> This bankruptcy has been an endless two-party dispute between the Debtor and her parents on one side and Phillip A. Baumann, as Administrator Ad Litem of the Estate of John J. Gaffney ("Administrator") on the other. The litigation in this bankruptcy is a carryover of litigation that began in state court between the parties regarding ownership of 119 S. Clark St., Tampa, FL (the "Property"). Recently, the state court litigation apparently was resolved by the Second District Court of Appeals for the State of Florida in favor of the Administrator.

Doc. 4-1 at 1.

With respect to the orders on appeal, during the bankruptcy proceedings, Appellant filed an Emergency Motion to Enforce the Automatic Stay and Request for Damages, Fees and Costs ("Enforcement Motion"). *Id.* According to the Bankruptcy Court, "the main issue presented by the Enforcement Motion [wa]s whether [Appellant] had any interest in the Property when she filed

for bankruptcy that is 'property of the estate' within the meaning of 11 U.S.C. § 541 and thus protected by the automatic stay." *Id.* at 5. Appellant sought summary judgment on the Enforcement Motion, which the Bankruptcy Court denied in the First Order, after a hearing on February 27, 2019. *Id.* at 2. During the hearing, the Administrator made an *ore tenus* motion for summary judgment, which was not ruled on at that time. Doc. 1 at 6. Additionally, in its order denying Appellant's motion for summary judgment, the Bankruptcy Court exercised its authority under Federal Rule of Civil Procedure 56(f) to direct Appellant to file a brief explaining why summary judgment should not be granted to the Administrator. *Id.* The Bankruptcy Court denied the Administrator's *ore tenus* motion and its "[s]ummary judgment independent of the motion, pursuant to Fed. R. Civ. P. 56(f)" on March 25 in the Second Order. *Id.* at 7.

Appellant appeals the rulings in the First Order and Second Order. Doc. 1. In the Order Denying Emergency Motion to Stay Proceedings and Request to Expedite Appeal ("Bankruptcy Order"), the Bankruptcy Court explained that it had scheduled a trial on the Enforcement Motion for April 15 and that because no final determination had been made as to the Enforcement Motion, the orders on appeal are interlocutory. Doc. 4-1 at 1-2.

During the trial, the Bankruptcy Court expected the factual issues to be tried to include: (1) whether Appellant had a sufficient legal or equitable interest in the Property to warrant protection of the automatic stay when the bankruptcy was filed; (2) whether the Administrator willfully violated the automatic stay; and (3) whether Appellant suffered any damages as a proximate result of the alleged stay violation. *Id.* at 5. Additionally, contrary to the assertions of Appellant, the Bankruptcy Court stated that the appeal does not concern Appellant's claim to a homestead exemption because no motion for summary judgment was filed with respect to the Administrator's objection to Appellant's claim of exemption and, therefore, whether Appellant's

3

claim to a homestead exemption is valid has not been ruled on, but is instead the subject of the upcoming trial. *Id.* at 4. This Court has not been advised as to the outcome of the trial.

After receiving the Notice of Appeal, this Court issued an Order identifying concerns regarding the timeliness of the appeal of the First Order, whether the Second Order was appealable as a final order, and whether Appellant had standing to appeal the Second Order. Doc. 6. The Order directed Appellant to further advise the Court on these issues. *Id.* In response, Appellant states that the "Bankruptcy Court, in its rulings has maintained that [Appellant] did not have a possessory interest in her residential home and determined that the Homestead exemption was not to be allowed the [Appellant], (contrary to the trustee's report)." Doc. 9 at 5. Appellant additionally states that the rulings are contrary to Florida homestead law and violate the automatic stay. *Id.* Appellant maintains that she is an "aggrieved person" with standing to appeal because she will suffer incipient and irreparable harm because of the Bankruptcy Court's orders. *Id.*

Additionally, Appellant contends that the order appealed from is a final order. Doc. 9 at 6. Appellant asserts that "the aggregate effect of the bankruptcy court's order of 25 March 2019, which impliedly incorporates a previous order of 25 February 2019 effectively abrogates the protections afforded the Appellant by way of the automatic stay as well as the protections afforded the Appellant under the Florida Homestead exemption." *Id.* at 6-7. Appellant further states that "the adverse treatment of [her] Homestead exemption and the failure to recognize and remediate the willful violation of the automatic stay constitutes a final order under the reasoning set forth by Chief Justice Roberts in Bullard, supra." *Id.* at 8.

Following Appellant's Response to OTSC, Appellee filed a Motion to Dismiss, seeking to dismiss the appeal for reasons identified by the Court in its Order to Show Cause. Doc. 16.

Appellant responded that this appeal is timely brought as a matter of right, and that she has standing in the appeal. Doc. 18.

## II. LEGAL STANDARD

This Court has jurisdiction over bankruptcy appeals pursuant to 28 U.S.C. § 158(a), which provides:

> The district courts of the United States shall have jurisdiction to hear appeals
>
> (1) from final judgments, orders, and decrees;
>
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
>
> (3) with leave of the court, from other interlocutory orders and decrees[.]

The United States Supreme Court recently addressed finality in the context of bankruptcy matters in *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015). The Supreme Court explained that while in ordinary civil litigation, an appeal may be taken from a "final decision," meaning "a ruling by which a district court disassociates itself from a case," *id.* at 1691 (internal quotations omitted), the bankruptcy appeals statute authorizes appeals from "final judgments, orders, and decrees," *id.* at 1692. The Court recognized that certain orders in bankruptcy cases may be immediately appealable if the order "finally disposes of discrete disputes within the larger case." *Id.*

Additionally, the bankruptcy statute permits appeals of interlocutory orders and decrees with leave of the court.[1] 28 U.S.C. § 158(a)(3); *see also In re Celotex Corp.*, 187 B.R. 746, 749 ("District courts have discretionary jurisdiction to hear appeals from interlocutory orders and decrees of bankruptcy judges."). District courts "permit an interlocutory appeal when the order at

---

[1] Appeal may also be taken of interlocutory orders and decrees issued under 11 U.S.C. § 1121(d) increasing or reducing the time periods referred to in that section, which is not at issue in this case and, therefore, is not discussed.

issue (1) involves a controlling question of law upon which there is (2) substantial ground for difference of opinion, and (3) when immediate appeal from the order may materially advance the ultimate termination of the litigation." *Colony Lender, LLC v. Breakpointe, LLC*, No. 8:15-cv-993-T-30, 2015 WL 3689075, at *2 (M.D. Fla. June 12, 2015) (citing *McFarlin v. Conseco Svcs., LLC*, 381 F.3d 1251, 1257-58 (11th Cir. 2004)). "The party seeking review bears the burden of establishing these elements," and "[t]he Court must deny leave if the moving party fails to establish any one of the three elements." *Id.*

## III. DISCUSSION

Neither the First Order nor Second Order is appealable as a final order. As an initial matter, Appellant has not provided the Court with a copy of the First Order, despite this omission being noted in the Court's prior Order. Doc. 6 at 2. Based on the information before the Court, it appears that the First Order is no more than a denial of a motion for summary judgment. Appellant describes the First Order in the Notice of Appeal as a "preliminary order of Bankruptcy court voiding Debtor's Homestead exemption," (Doc. 1 at 2), and states in the Response that the First Order determined that she did not have a possessory interest in property she claimed as a homestead, found that res judicata applied to a state court order invalidating a deed to the property, and denied her motion for partial summary judgment arguing that the automatic stay was violated (Doc. 9 at 3).

By contrast, the Second Order describes the First Order as a denial of a motion for summary judgment (Doc. 1 at 6), and the Bankruptcy Order describes the First Order the same way (Doc. 4-1 at 3). Additionally, in the Second Order, the Bankruptcy Court explained that "mixed issues of fact and law remain which preclude summary judgment for either party on the issue of whether a willful violation of the automatic stay occurred," and concluded that "a trial is necessary." Doc.

6

1 at 7. The Bankruptcy Court also explains that the First and Second Orders deny summary judgment. Doc. 4-1 at 2.

Based on the documents before the Court, it is apparent that the orders on appeal deny summary judgment and, therefore, are not final orders. *Schmelz v. Monroe Cty.*, 954 F.2d 1540, 1542 (11th Cir. 1992) (stating that "an order denying a motion for summary judgment is not an appealable final order."). Accordingly, Appellant is not entitled to an appeal as a matter of right, and this Court's authority to hear this case exists only under 28 U.S.C. § 158(a)(3), which grants district courts leave to hear appeals of interlocutory orders and decrees, within its discretion.

The Court declines to exercise its discretion and hear an interlocutory appeal. The issues of this case are fact-intensive, as demonstrated by the Bankruptcy Court's decision to deny summary judgment to either party. The Court would not be able to "quickly and cleanly" evaluate the issues without reviewing the entire bankruptcy record. *McFarlin*, 381 F.3d at 1258. Additionally, because the Bankruptcy Court proceeded to trial during the pendency of this appeal, it is not apparent that reversal of the First or Second Order would substantially reduce the amount of litigation in this case. *Figueroa v. Wells Fargo Bank, N.A.*, 382 B.R. 814, 825 (S.D. Fla. 2007) (stating that "the most compelling grounds for granting interlocutory appeals exist when reversal of the issue on appeal would dispose of the entire bankruptcy case."). Accordingly, the First and Second Orders are not final orders and the Court will not allow an interlocutory appeal.

It is therefore **ORDERED AND ADJUDGED** that:

1. Appellee's Motion to Dismiss Appeal (Doc. 16) is **GRANTED.**

2. This appeal is **DISMISSED.**

3. All pending motions are denied as moot and the Clerk is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida on June 3, 2019.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any